Erica Feynman Aisner
Kirby Aisner & Curley LLP
700 White Plains Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
eaisner@kacllp.com
- and -
Avery Samet
Amini LLC
131 West 35th Street, 12th Floor
(212) 490-4700
asamet@aminillc.com
*Attorneys for the Debtor and Debtor
in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> LAWRENCE A. FIRST, <br><br>        Debtor. | Chapter 11 <br><br> Case No. 22-11020 (MG) |
| ASCP, LLC and <br> ASCRIBE ASSOCIATES III, LLC, <br>        Plaintiffs, <br> v. <br><br> LAWRENCE A. FIRST, <br>        Defendant. | Adv. Proc. No. 22-01166 (MG) <br><br> **ANSWER** |

Defendant Lawrence A. First ("First") answers the Complaint of Plaintiffs ASCP, LLC ("ASCP") and Ascribe Associates III, LLC ("Ascribe III GP") as follows:

**PARTIES**[1]

1.  First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1.

---

[1] Headings and subheadings are included solely for ease of reference. The factual and legal contentions in the headings and subheadings are denied.

2. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. First admits that he filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 27, 2022. First denies the remaining allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 asserts legal conclusions as to which no response is required. To the extent a response is required, First admits the allegations.

6. Paragraph 6 asserts legal conclusions as to which no response is required. To the extent a response is required, First admits the allegations.

## BACKGROUND

**First's Assets**

7. First admits the allegations in Paragraph 7.

8. First admits the allegations in Paragraph 8.

9. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10. First admits the allegations in Paragraph 10.

11. First denies the allegations in Paragraph 11.

12. First denies the allegations in Paragraph 12.

13. First denies the allegations in Paragraph 13.

14. First denies the allegations in Paragraph 14.

15. First denies the allegations in Paragraph 15.

16. First denies the allegations in Paragraph 16.

17. First denies the allegations in Paragraph 17.

18. First denies the allegations in Paragraph 18.

19. First denies the allegations in Paragraph 19.

20. First denies the allegations in Paragraph 20.

21. First denies that he used his own funds to pay the cash portion of the Townhouse purchase and granted Iamunno a tenancy by the entireties interest. The remaining allegations in Paragraph 21 assert legal conclusions as to which no response is required. To the extent a response is required, First denies the allegations.

22. Paragraph 22 asserts legal conclusions as to which no response is required. To the extent a response is required, First denies the allegations.

23. First denies that over a period of several years after the Townhouse Closing Date, First used approximately $10 million of his personal funds to pay for improvements at the Townhouse. The remaining allegations in Paragraph 23 assert legal conclusions as to which no response is required. To the extent a response is required, First denies the allegations.

24. Paragraph 24 asserts legal conclusions as to which no response is required. To the extent a response is required, First denies the allegations.

25. First denies the allegations in Paragraph 25.

26. First denies the allegations in Paragraph 26.

27. First denies the allegations in Paragraph 27.

28. First admits that after application of his share of Townhouse Sale Proceeds to the mortgage, he received $2,781,577.85 of the Townhouse Sale Proceeds at the closing in January 2022. First denies the remaining allegations in Paragraph 28.

29. First admits that the remaining $8,555,704.80 of the Townhouse Sale Proceeds was delivered to Iamunno via a wire transfer to an account she maintained solely in her name. First denies the remaining allegations in Paragraph 29.

30. Paragraph 30 asserts legal conclusions as to which no response is required. To the extent a response is required, First denies the allegations.

31. First denies the allegations in Paragraph 31.

**First's Contingent Indebtedness to Ascribe II GP**

32. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35. Paragraph 35 asserts legal conclusions as to which no response is required. To the extent a response is required, First denies the allegations.

36. First denies the allegations in Paragraph 36.

37. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39. First lacks knowledge or information sufficient to form a belief about the truth of the allegation that as of the Townhouse Closing Date, he had received $13,595,515 of cumulative

carried interest distributions from Ascribe II GP. First denies the remaining allegations in Paragraph 39.[2]

**The 2018 Clawback (Ascribe II)**

40. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40.

41. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

42. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.

43. First admits the allegations in Paragraph 43.

**The 2019 Clawback (Ascribe II)**

44. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

---

[2] The reason First lacks knowledge or information as to the dollar amount of cumulative carried interest distributions received is because he has been cut off from Plaintiffs' investment portal.

49. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

**First's Indebtedness to ASCP**

50. First denies the allegation that he was cash strapped as a result of his funding of Townhouse renovations while he continued to live in the Scarsdale House. First admits the remaining allegations in Paragraph 50.

51. First admits the allegations in Paragraph 51.

52. First denies the allegations in Paragraph 52.

53. First admits the allegations in Paragraph 53.

54. First admits the allegations in Paragraph 54.

55. First admits the allegations in Paragraph 55.

56. First admits the allegations in Paragraph 56.

57. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

**First's Indebtedness to Ascribe III GP**

58. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65. First denies the allegations in Paragraph 65.

66. First denies the allegations in Paragraph 66.

**The 2022 Clawback (Plaintiff Ascribe III GP)**

67. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

69. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70. First admits that Ascribe III GP's capital account was negative at the end of the first quarter in 2021. First lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 70.

71. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72. First denies the allegations in Paragraph 72.

73. First denies the allegations in Paragraph 73.

74. First denies the allegations in Paragraph 74.

75. First denies the allegations in Paragraph 75.

76. First admits that by letter Ascribe III GP notified First of his obligation to make a capital contribution to Ascribe III GP. First denies the remaining allegations in Paragraph 76.

77. First lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78. First denies the allegations in Paragraph 78.

79. First admits the allegations in Paragraph 79.

80. First denies the allegations in Paragraph 80.

**First Transfer, Removes and Conceals his Assets Shortly Before Filing for Bankruptcy**

81. First denies the allegations in Paragraph 81.

82. First admits that after application of his share of Townhouse Sale Proceeds to the mortgage, he received $2,781,577.85 of the Townhouse Sale Proceeds at the closing in January 2022, and that he filed for bankruptcy six months after the closing in January 2022. First denies the remaining allegations in Paragraph 82.

83. First admits that the remaining $8,555,704.80 of the Townhouse Sale Proceeds was delivered to Iamunno via a wire transfer to an account she maintained solely in her name. First denies the remaining allegations in Paragraph 83.

84. First denies the allegations in Paragraph 84.

**FIRST CLAIM FOR RELIEF**

85. First repeats and incorporates its responses to the allegations of the preceding paragraphs as if full set forth herein.

86. First admits the allegations in Paragraph 86.

87. Paragraph 87 asserts legal conclusions as to which no response is required. To the extent a response is required, First denies the allegations.

88. Paragraph 88 asserts legal conclusions as to which no response is required. To the extent a response is required, First denies the allegations.

89. Paragraph 89 asserts legal conclusions as to which no response is required. To the extent a response is required, First denies the allegations.

90. First admits the allegations in Paragraph 90.

91. First denies the allegations in Paragraph 91.

92. First denies the allegations in Paragraph 92.

93. First denies the allegations in Paragraph 93.

94. First denies the allegations in Paragraph 94.

95. First denies the allegations in Paragraph 95.

WHEREFORE, First respectfully requests that Plaintiffs' claim for relief under 11 U.S.C. § 727(a)(2) be denied.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim for which relief can be granted.

2. Plaintiffs' claims are barred because First is not indebted to Plaintiffs.

3. Plaintiffs' claims are barred by the doctrine of unclean hands.

4. Plaintiffs' claims are barred by the doctrine of estoppel.

5. Plaintiffs' claims are barred by the doctrine of waiver.

6. Plaintiffs' claims are barred by the doctrine of reliance.

## RESERVATION OF RIGHTS

First reserves the right to raise any and all further affirmative defenses which may become known or available under applicable law.

Dated: New York, New York
December 9, 2022

Respectfully submitted,

/s/ Erica Feynman Aisner
Erica Feynman Aisner
Kirby Aisner & Curley LLP
700 White Plains Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
eaisner@kacllp.com
- and -
Avery Samet
Amini LLC
131 West 35th Street, 12th Floor
(212) 490-4700
asamet@aminillc.com
*Attorneys for the Debtor and Debtor in Possession*